JAMIE LEE BLEDSOE          NO. 06-14-00138-CR          SIXTH COURT

v.                                                     OF APPEALS

STATE OF TEXAS                                         STATE OF TEXAS

FILED IN
The Court of Appeals
Sixth District

SEP 0 8 2015

Texarkana, Texas
Debra K. Autrey, Clerk

RECEIVED IN
The Court of Appeals
Sixth District

SEP 0 8 2015

Texarkana, Texas
Debra Autrey, Clerk

MOTION TO INTERVENE

TO THE HONORABLE Judge of Said Court:

NOW Comes JAMIE LEE BLEDSOE, The Appellant IN THE ABOVE AND Number CAUSE, AND file This Motion for Consideration Concerning the Repeated Motions by the State for extension for time to file Appellee's brief.

Appellant will respectfully show this Court the following to wit.

1. ON January 8, 2015 Appellant recieved a Letter from the Sixth Court of Appeals indicating that Appellant's Appeal Attorney Ebb B. mobley had filed a motion to withdraw in Compliance with the requirements of Anders and its Progeny. See Anders v. California, 386 U.S. 738 (1967); Eaden v. State, 161 S.W. 3d 173 (Tex. App. - Eastland 2005 no Pet.).

2. Because of the abandon of Appellant Appeal due to the Anders Progeny. Appellant had the right to file his own Pro se brief in response.

3. Appellant filed said Pro se brief and it was recieved by the Sixth Court of Appeals indicating the date of March 4, 2015, the Appellee's brief was due on or before April 3, 2015

4. ON April 2, 2015 the Appellant recieved a Letter from the Sixth Cart of Appeals that the State's extension of time was (GRANTED) and was extended to May 4, 2015 with the Court's * indicating that no more extensions will be looked upon with favor. See Court of Appeals Letter dated April 2, 2015

5. On May 4, 2015 Appellant recieved the State brief Contesting the illegal enhancement and Sentenceing by the Court.

6. In the State brief they cited no Case Law or authority to support there illegal Sentence.

7. The Case Law and authority cited by the Appellant was true and correct.

8. The Sixth Court of Appeals after there Professional evalutation and research came to the Same Conclusion that the Issue Concerning the enhancement had merit.

## Prejudicial Error

Appellant asserts this error made by the 71st Judicial Court is a plain error that has been identify by a Panel of Judges with a Professional evalutation with Case Laws Supported by the Criminal Courts of Appeal.

This error is so obvious and substantial that failure to correct it would infringe my due Process rights and damage the integrity of the Judicial Process see Fed. R. Evid 103(d).

This error is unsupported by the State and the extensions of times is merely Continue of Prejudice and Bias.

Appellant asserts the extensions of times from the State can not cure the error, there is No Case Laws that the State can use to over come this mistake of Law.

The good cause that the State alleged is Contrary to the facts indicated "Solely on the fact" that the District Attorney office have a Appellant division that Prepare there Appellate briefs

This extension for more time is Prejudicial to the appellant because it is repeatly Prolonging the Correction of the error.

Appellant has exceed the maximum time for a State Jail felony and this Continuous of extension for time is only Preluding this Cause.

There has Never been anything in Texas Law that Prevented any Court with Jurisdiction over a criminal Case from noticing and Correcting an illegal sentence.

* This Court made it Clear in there Granting of extention of time on may 4, 2015 that no more extensions will be looked upon with favor. See letter dated April 2, 2015.

PRAYER.

Wherefore, Premise, Considered Appellant Prays that this Honorable Court Keep the above alleged reference to the 71st Judicial Court and not give any more extensions of times to Keep Preluding this Cause.

Respectfully Submitted

James de Bledsoe

CERTIFICATE OF SERVICE

A Copy of this motion has been Provided to the Clerk of the Sixtth Court of appeals on this 4th day of September 2015

Jamie Bledsoe